**Nora Evangelina CORZO–MIRANDA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73570.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 7, 2011.

Victor Daniel Nieblas, Esquire, Litigation Counsel, Law Office of Victor D. Nieblas, City of Industry, CA, for Petitioner.

Brooke Maurer, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Nora Evangelina Corzo–Miranda, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Corzo–Miranda's motion to reopen as untimely because she filed the motion more than ten years after the BIA's January 21, 1998, order, *see* 8 C.F.R. § 1003.2(c)(2), and Corzo–Miranda failed to establish that she acted with the due diligence required for equitable tolling, *see Iturribarria,* 321 F.3d at 897 (equitable tolling is available where "petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"); *cf. Ghahremani v. Gonzales,* 498 F.3d 993, 1000 (9th Cir. 2007) (due diligence established where petitioner demonstrated "steadfast pursuit" of his case).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.